**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**ISAAC D. WARREN,**  :
                                               :
    **Petitioner**                 :
                                               :    **CIVIL NO. 3:CV-15-0590**
    **v.**                                         :
                                               :    **(Judge Caputo)**
**UNITED STATES,** *et al.***,**      :
                                             :
    **Respondents**         :

**M E M O R A N D U M**

**I.   Introduction**

Petitioner, Isaac Warren, a federal prisoner proceeding *pro se*, initiated this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Pennsylvania.  (ECF No. 1.)  The matter was transferred here as Mr. Warren is housed in the Middle District of Pennsylvania.[1]  (ECF No. 8.)

Mr. Warren claims the Bureau of Prisons (BOP) has miscalculated the amount of time that should be credited towards his federal sentence for time served while in federal custody pursuant to a writ *ad prosequendum* prior to the imposition of his federal sentence.   Petitioner seeks the correction or modification of his federal

---

[1]  When he filed his Petitioner, Mr. Warren was housed at the Huntingdon State Correctional Institution in Huntingdon, Pennsylvania. He is presently housed at SCI-Graterford. (ECF No. 16.)

sentence pursuant to § 5G1.3(b) of the United States Sentencing Guidelines (USSG).[2]

On April 16, 2015, the Respondent filed an answer, with attachments. (ECF No. 13.) Petitioner then filed a reply. (ECF No. 15.)

For the reasons set forth below, the Petition will be denied.

## II.     Standard or Review

District courts do not have authority to credit time towards a sentence under 18 U.S.C. § 3585(b); that authority rests with the Attorney General. *Blood v. Bledsoe*, 648 F.3d 203, 206 (3d Cir. 2011). The Attorney General, through the Bureau of Prisons (BOP), is responsible for administering a federal inmate's sentence and computing the credit to be awarded for time spent in official detention prior to the commencement of the sentence. *United States v. Wilson*, 503 U.S. 329, 333 - 35, 112 S.Ct. 1351, 1354 - 55, 117 L.Ed.2d 593 (1992) (interpreting 18 U.S.C. § 3585(b)). The BOP's decision is subject to judicial review under 28 U.S.C. § 2241. *See Burkey v. Marberry*, 556, F.3d

---

[2] USSG § 5G1.3(b) reads in relevant part as follows:

> (b) if ... a[n undischarged] term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of (a)(1), (a)(2), or (a)(3) of 1B1.3, the sentence for the instant offense shall be imposed as follows:
>
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

142, 146 (3d Cir. 2009). The two major factors in a federal sentencing calculation are: (1) when the federal sentence begins; and (2) the time to be credited for custody prior to commencement of the sentence. *Chambers v. Holland,* 920 F. Supp. 618, 621 (M.D. Pa.), *aff'd,* 100 F.3d 946 (3d Cir. 1996).

### III.    Background

On April 4, 2007, Mr. Warren was arrested by Philadelphia police officers for Possession of a Firearm. *See* ECF No. 13-1, p. 8, *Commonwealth v. Warren*, CP-51-CR-0007122-2007 (Phila. Ct. Com. Pl.) (docket sheet) and ECF No. 15. He was released on bond on April 6, 2007.[3] (*Id.*)

While on bond, Mr. Warren was arrested by again by Philadelphia police on April 27, 2007. He was charged with numerous offenses in connection with a home invasion robbery. At the time of his arrest Mr. Warren was in possession of four firearms. *See Id.,* p. 21, *Commonwealth v. Warren*, CP-5`-CR-0005787-2007 (Phila. Ct. Com. Pl.) (docket sheet) and ECF No. 15. Mr. Warren was remanded to custody the same day. (ECF No. 13-1, p. 23.)

On September 18, 2007, Mr. Warren was indicted in the United States District Court for the Eastern District of Pennsylvania on two counts of Possession of a Firearm by a Convicted Felon. *See Id.,* p. 15, *United States v. Warren*, 2:07-cr-00562-RBS-1 (E.D. PA) (docket sheet) and ECF No. 15.

---

[3] This case was eventually dismissed. (ECF No. 13-1, p. 10.)

Pursuant to a writ of habeas corpus *ad prosequendum*, Mr. Warren was ordered into secondary federal custody for the purpose of securing his initial appearance on September 19, 2007, on his outstanding federal criminal charges. (ECF No. 13-1, pp. 41 - 43.)  The United States Marshals Service took custody of Mr. Warren on September 18, 2007.  (*Id*., p. 46.)

On June 4, 2009, following his conviction in *Commonwealth v. Warren*, CP-51-CR-0007122-2007 (Phila. Ct. Com. Pl.), Mr. Warren was sentenced in the Philadelphia Court of Common Pleas to a term of eight to twenty years' imprisonment.  (*Id*., p. 28.)

On June 25, 2009, following a guilty plea to counts one and two in the indictment, Mr. Warren was sentenced in the United States District Court for the Eastern District of Pennsylvania, to "105 Months on Counts 1 and 2 to run concurrently."  (*Id*., p. 49.)  The sentencing court further noted that Mr. Warren's "sentence of 105 months is to run concurrently with the state sentence the defendant is currently serving.[4]  (*Id*., p. 50.)

On May 8, 2014, the BOP designated the Pennsylvania Department of Corrections for service of Mr. Warren's federal sentence.  (*Id*., p. 57.)  The BOP indicates that Mr. Warren has been serving his federal sentence, concurrently with his state sentence, since June 25, 2009.  (*Id*.)  On July 8, 2009, Mr. Warren was returned to Philadelphia County (state authorities) in satisfaction of the writ.  (*Id*., p. 46.)

---

[4]  Where a federal term of imprisonment is imposed on a defendant who is already subject to an undischarged term, 18 U.S.C. § 3584 provides that the sentencing judge may order the federal term to run concurrently or consecutively with the undischarged term.

As Pennsylvania authorities did not apply credit from April 4, 2007 through April 6, 2007 toward his state sentence, the BOP credited this time, 3 days, toward his federal sentence.  (*Id.*, p. 4 and p. 61.)  Mr. Warren's projected federal release, via Good Conduct Time, is February 3, 2017.  (*Id.*, p. 61.)

**IV.     Discussion**

Mr. Warren argues that pursuant to USSG § 5G1.3(b) he is entitled to credit toward his federal sentence for all time spent in federal custody between September 18, 2007 (date received into federal custody pursuant to a writ *ad prosequendum*) and July 8, 2009 (date returned to state authorities).  The BOP argues that Mr. Warren is not entitled to credit on his federal sentence for time spent in federal custody prior to his June 25, 2009 federal sentencing.  However, as state authorities did not credit him for the three day period he was incarcerated in state custody pursuant to his first state arrest (April 4 - 6, 2007), Mr. Warren received credit for this time toward his federal sentence.

The Court will address the commencement of Mr. Warren's federal sentence and then what, if any, prior custody credit he is entitled to receive.

**A.     Mr. Warren's Federal Sentence Commenced on June 25, 2009.**

"[A] federal sentence cannot begin to run earlier than on the date on which it is imposed." *Taylor v. Holt*, 309 F. App'x 591, 593 (3d Cir. 2009) (citing *United States v. Labeille-Soto*, 163 F.3d 93, 98 (2d Cir. 1998)).  For offenses committed after November

1, 1987, 18 U.S.C. § 3585(a) provides that a federal sentence begins when the defendant is taken into custody to begin his federal sentence. *See* 18 U.S.C. § 3585(a) ("A sentence to a term of [federal] imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."). A federal sentence does not begin to run when a defendant is taken into federal custody from state custody pursuant to a writ of habeas corpus *ad prosequendum*, because the state remains the primary custodian in those circumstances.[5] *See Taccetta v. Federal Bureau of Prisons,* 606 F. App'x 661, 663 (3d Cir. 2015).

As noted, a federal sentence cannot commence before it is imposed. Mr. Warren's sentence was imposed on June 25, 2009. Because the sentencing court directed that Mr. Warren's federal sentence be served concurrent to the state sentence he was currently serving, he commenced serving his federal sentence on the day it was imposed. Because the BOP designated the Pennsylvania Department of Corrections as the facility for the service of his federal sentence, the federal sentencing court's goal of having Mr. Warren serve his state and federal sentences concurrently, was achieved.

---

[5] A writ *ad prosequendum* orders the production of a prisoner in court "to testify or for trial." *See* 28 U.S.C. § 2241(c)(5).

### B. The BOP Properly Calculated Mr. Warren's Prior-Custody Credit.

While the BOP can implement a concurrent sentence by designating a state facility as the place of federal confinement, 18 U.S.C. §§ 3585(a) and 3621(b), it cannot give credit for any period of pre-sentence custody that has already been credited toward another sentence, 18 U.S.C. § 3585(b)(2).  In other words, generally, no credit may be given toward a federal sentence for time that has previously been credited toward any other sentence.  *See Rios v. Wiley,* 201 F.3d 257, 272 - 273 (3d Cir. 2000); *see also Wilson*, 503 U.S. at 333, 112 S.Ct. at 1354 (in section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time").

Mr. Warren was held by the Marshals Service from September 18, 2007 until July 8, 2009, when returned to state authorities.  Though physically in the custody of the marshals from September 18, 2007 until June 25, 2009 (federal sentencing date), Mr. Warren remained in the legal custody of the state during that entire period and received credit toward his state sentence for that period.  Thus, Mr. Warren is not entitled to credit toward his federal sentence for this pre-sentence period. However, as the Government notes, Mr. Warren did receive credit toward his federal sentence for the three days spent in state custody following his initial Philadelphia arrest for charges that were ultimately dropped as the state did not credit him for these days towards his second state arrest.

## V. Conclusion

Based on the above analysis, the Court sees no error in the BOP calculation of Mr. Warren's federal sentence and will deny the Petition.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**DATED: November 18, 2016**